## No. 3891.—Succession of John H. Williams.

In this case the community property of the succession was sold on the motion of the creditors to pay the debts. The purchasers failed to comply with their bids, and the creditors moved to have it again sold at their risk. In answer to the rule against the purchasers, they alleged that the deceased left three daughters by a former marriage, who claim to be the owners of one-half of said property as the heirs of their mother, who is dead. It not appearing that the mother of these parties was dead, and the property being community, the rule was made absolute, and the purchasers appealed.

Held—Tha it was incumbent on the defendants in the rule to show that the mother died since the acquisition of the property, and that the debts for which it was sold were contracted since her death.

APPEAL from the Second District Court, parish of Orleans. *Du- vigneaud, J. Dirrhammer & Kennard* and *T. Gilmore,* for appellants. *Budd & Grover,* for appellee.

Howell, J. Rule on purchasers. Upon the motion of a creditor and the petition of the testamentary executrix, all the real estate of this succession was sold to pay debts. The purchasers at said sale having refused to comply with the adjudication, a rule was taken on them to show cause why they should not do so, or in default, why the property should not again be sold at their risk. In answer to the rule, they alleged that the deceased left three daughters by a first marriage, who claim to be the owners of one-half of said property as the heirs of their mother, who is dead. Those persons were mere parties to the rule, and from a judgment making it absolute they and the purchasers have appealed.

The district judge was not satisfied from the evidence that the mother of these daughters is dead, and a careful examination of the evidence has not convinced us that he erred. It was incumbent on the defendants in the rule to show that this mother did sign the acquisition of the property, and that the debts for which it was sold were contracted since her death. This they have not done. The sale, under all the presumptions, was of community property to pay community debts, and these presumptions not being overcome, the sale was valid.

Judgment affirmed.